IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:21CR162 |
| v. | |
| SCOTT JOSEPH NIELSEN, | ORDER |
| Defendant. | |

This matter is before the Court on defendant Scott Joseph Nielsen's ("Nielsen") Motion to Suppress Search (Filing No. 18). In his motion, Nielsen seeks to suppress all evidence "obtained as a result of the search of the" Mazda B4000 pickup ("Mazda") he was using on December 21, 2020, and all evidence "obtained as a result of the search, seizure and arrest of" Nielsen. In accordance with 28 U.S.C. § 636(b)(1)(B), the Court referred Nielsen's motion to a magistrate judge[1] for initial review. *See also* Fed. R. Crim. P. 59(b).

On November 9, 2021, the magistrate judge held an evidentiary hearing during which three law-enforcement officers and the owner of the Mazda testified. At the beginning of the hearing, Nielsen's counsel stated Nielsen was not contesting the search of his person; he was "simply contesting the search of the [Mazda]."

After the hearing, the magistrate judge concluded the officers reasonably decided to impound the Mazda following Nielsen's arrest on a felony warrant and conducted a lawful inventory search of the Mazda pursuant to the Sarpy County Sheriff's written standard operating procedures for towing vehicles incident to the arrest of the driver. *See, e.g., United States v. Nevatt*, 960 F.3d 1015, 1020 (8th Cir. 2020) (outlining the principles

---

[1]The Honorable Michael D. Nelson, United States Magistrate Judge for the District of Nebraska.

governing inventory searches). Based on those findings, the magistrate judge ultimately concluded the "evidence obtained from the inventory search does not need to be suppressed as it was not obtained in violation of the Fourth Amendment." He therefore recommends Nielsen's motion be denied.

On December 15, 2021, Nielsen timely objected (Filing No. 52) to the findings and recommendation. In particular, Nielsen objects to the magistrate judge's findings that (1) the search of the Mazda was a valid inventory search and did not violate the Fourth Amendment, (2) the inventory search was not pretextual in light of the chronology of events, (3) the search was not solely motivated to gather evidence against Nielsen, (4) "the towing of the Mazda from private property was allowed" under Nebraska law, and (5) the searching officer "did not exceed his authority by unzipping [a] closed bag found in the Mazda." According to Nielsen, "a county operating procedure manual should not be allowed to trample on the constitutional rights of the citizens that they are to protect and serve." The government has not filed any response to Nielsen's objections.

Having conducted a thorough de novo review of the matters to which Nielsen has objected, *see* 28 U.S.C. § 636(b)(1), the Court finds the magistrate judge's findings and recommendation should be accepted for the reasons thoroughly stated by the magistrate judge. In short, the Court agrees with the magistrate judge that the search of the Mazda did not violate Nielsen's constitutional rights under the circumstances of this case, and Nielsen has not provided any other basis to suppress the challenged evidence. Accordingly,

IT IS ORDERED:
1. Defendant Scott Joseph Nielsen's objections (Filing No. 52) are overruled.
2. The magistrate judge's Findings and Recommendation (Filing No. 51) is accepted.
3. Nielsen's Motion to Suppress Search (Filing No. 18) is denied.

Dated this 7th day of January 2022.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge